**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JUAN EDUARDO ROMAN MERCADO (A No. 201-224-694),

Petitioner,

v.

ANDREWS, et al.,

Respondents.

Case No. 1:26-cv-06341-JLT-EGC

ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; DENYING THE MOTION TO APPOINT COUNSEL; AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE

(Docs. 1, 3, 4)

Juan Eduardo Roman Mercado is a federal immigration detainee proceeding pro se with a motion for temporary restraining order filed alongside his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docs. 1, 4.) Respondents filed an opposition arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231 due to his reinstated order of removal. (Doc. 9 at 1–3.) For the reasons set forth below, the Court **DENIES** the habeas petition.[1]

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Mexico who entered the United States at a young age without

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 7.) Respondents do not request a hearing or further briefing and "do not oppose . . . resolving the petition on the merits." (Doc. 9 at 3.) Accordingly, the Court decides this case on the underlying habeas petition.

admission or parole.[2] (*See* Doc. 9 at 10–11.) On September 18, 2011, Petitioner was ordered removed through expedited removal to Mexico. (*See id*. at 5, 10, 15.) The Department of Homeland Security "prohibited [Petitioner] from entering, attempting to enter, or being in the United States for a period of 5 years from the date of [his] departure . . . as a consequence of [him] having been found inadmissible as an arriving alien." (*Id*. at 15.) After Petitioner was removed, he reentered the United States less than a month later, in violation of his removal order, and was again expeditiously removed on October 1, 2011. (*Id*. at 10, 15.) Petitioner then reentered the United States, and was removed again on October 21, 2011, February 9, 2012, May 7, 2013, and March 4, 2020. (*Id*. at 6, 10.)

After Petitioner's last departure in 2020, he reentered the United States at an unknown place and time. (Doc. 9 at 10–11.) After his last reentry, Petitioner was convicted of second-degree battery on September 12, 2024, and of disobeying a court order and vandalism on April 14, 2026. (*Id*. at 10.) Petitioner's recent conviction for vandalism[3] resulted in a 120-day jail sentence at the Sacramento County Jail, and one year probation. (*Id*. at 9.) On August 4, 2026, Petitioner was released from the Sacramento County Jail and detained by ICE. (*Id*.) Petitioner was then transferred to the Golden State Annex Detention Facility in McFarland, California, where he remains. (Doc. 1 at 2.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens

---

[2] Petitioner indicates that he entered the United States at the age of seven and was raised in Sacramento, California. (Doc. 1 at 5.) However, there is no indication in the record that Petitioner was encountered by federal immigration officials at that time. (*See id*.; *see also* Doc. 9 at 10–11.) Thus, it appears that Petitioner was unencountered from the age of seven until around age twenty-two, when DHS ordered him removed in 2011. (*See* Doc. 9 at 10–11, 15.)

[3] Petitioner argues that he did not deserve to get a felony for vandalism because he "never created or did" the vandalism. (Doc. 1 at 6.)

in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**III. DISCUSSION**

Petitioner claims that his ongoing detention without an individualized bond hearing violates due process. (Doc. 1 at 6–17.) However, because Petitioner is subject to a reinstated final order of removal, (*see* Doc. 9 at 5), he is also subject to mandatory detention under 8 U.S.C. § 1231(a)(2). That statute reads: "*During the removal period*, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2) (emphasis added). The relevant statutory framework allows for mandatory detention without bond for a period of 90 days while the Attorney General attempts to remove the noncitizen. 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the '*removal period*').") (emphasis added). And under section 1231(a)(5), "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, *the prior order of removal is reinstated from its original date* . . . and the *alien shall be removed under the prior order at any time after the reentry*." 8 U.S.C. § 1231(a)(5) (emphasis added).

This statutory framework applies here. Petitioner was first encountered by U.S. immigration officials in September 2011, processed for expedited removal, and removed on September 18, 2011. (Doc. 9 at 10, 15.) Then sometime after 2020, Petitioner re-entered the United States unlawfully without admission or parole. (*Id*. at 10.) DHS subsequently reinstated Petitioner's order of removal on August 4, 2026. (*Id*. at 5.) The Supreme Court has held, that under this statutory framework, the government may detain a removable noncitizen beyond the 90-day statutory removal period, but only for so long as "*reasonably necessary* to secure the alien's removal." *Zadvydas v. Davis*, 533 U.S. 678, 682. The Court explained that the statute contains an implicit reasonable time limitation, which is presumptively six months, after which the noncitizen bears the burden of proving that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 682, 701. Because it has not been more than six months since Petitioner's order of removal was reinstated on August 4, 2026, (*see* Doc. 9 at 5), any such

claim under *Zadvydas* would be premature. Thus, the Court finds that Petitioner is subject to mandatory detention during a presumptively reasonable six-month removal period.

Even if Petitioner claims to be pursuing asylum, withholding of removal, and convention against torture relief, (*see* Doc. 1 at 4), under section 1231(a)(5), "the alien is not eligible and may not apply for any relief under this chapter." 8 U.S.C. § 1231(a)(5). Here, because Petitioner's order of removal was reinstated, he is not eligible to pursue any such relief. *Id*.

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The motion for temporary restraining order (Doc. 4) is **DENIED** as **MOOT**.

3. The motion to appoint counsel (Doc. 3) is **DENIED**.[4]

4. The Court's order prohibiting Petitioner's transfer out of this District and preventing Petitioner's removal from the United States (Doc. 7) is **WITHDRAWN**.

5. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

6. The Clerk of Court is directed to **CLOSE THE CASE.**

IT IS SO ORDERED.

Dated: August 21, 2026

[signature] Jennifer L. Thurston

UNITED STATES DISTRICT JUDGE

[4] Petitioner also asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, considering Petitioner's reinstated order of removal, the Court finds that his detention is mandatory under § 1231(a)(2) and denies habeas relief. Accordingly, the interests of justice do not require appointment of counsel.